**SO ORDERED.**

**SIGNED this 4 day of November, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

| | |
|---|---|
| IN RE: | |
| ELLIS AUTRY DAWSEY, SR., | CHAPTER 11 |
| ESTHER FAYE DAWSEY, | CASE NO. 13-04640-8-RDD |
| DEBTORS. | |

**ORDER APPROVING EMPLOYMENT OF ATTORNEY**

Pending before the Court is the Application for Employment of Attorney (the "Application to Employ"), filed by Ellis Autry Dawsey, Sr. and Esther Faye Dawsey (the "Debtors") on August 22, 2013 and the Objection to Application for Employment of Attorney filed by the United States Bankruptcy Administrator on September 3, 2013 (the "Objection"). On October 1, 2013, the Court conducted a hearing in New Bern, North Carolina to consider the Application to Employ and the Objection. The Court gave the Debtors and the Bankruptcy Administrator the opportunity to file briefs regarding whether the Debtors' attorney meets the

"disinterested" requirement under 11 U.S.C. §327(a) to be employed as a professional on behalf of the Debtor.

On July 26, 2013, the Debtors filed a voluntary petition for Chapter 11 relief. On August 22, 2013, the Debtors filed the Application to Employ seeking employment of Trawick H. Stubbs, Jr., and Stubbs & Perdue, P.A. (the "Firm") as attorney for the Debtors in this Chapter 11 proceeding. The Application to Employ states the Firm is disinterested within the meaning of Section 327(a) of the Bankruptcy Code.

As required by F.R.B.P. 2014(a), the Application to Employ contained an affidavit executed by Mr. Stubbs (the "Affidavit'). The Affidavit reveals the compensation arrangement between the Debtors and the Firm. The Affidavit states that Lake Waccamaw Convalescent Center, LLC, an entity owned by Mr. Dawsey, paid a retainer in the amount of $53,787.00 on behalf of the Debtors. From these funds, $53,787.00 was paid to the Firm representing unpaid pre-petition fees and expenses incurred by the Debtors. The Affidavit states that $7,403.20 was owed to the Firm representing unpaid pre-petition fees and expenses incurred by the Debtors from July 10, 2013 to July 26, 2013, the date the petition was filed.

The Bankruptcy Administrator's Objection contends that the Firm was not a disinterested person as defined in § 101(14) and as required by § 327(a) and as a result the Firm cannot be employed.

Section 327 of the Bankruptcy Code governs the qualifications of the employment of professional persons. Pursuant to § 327(a), an attorney is a professional, and cannot "hold or represent an interest adverse to the estate, and that are disinterested persons…" Section 101(14)(A) states that a disinterested person is one that is "not a creditor, an equity security holder, or an insider." 11 U.S.C. § 101(14)(A). Section 101(14)(C) states that a disinterested

2

person may not "have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C). Section 327(a) must be read in conjunction with § 1107(b), which states: "[n]otwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Once a debtor meets the burden of showing that a professional person is qualified under § 327, the bankruptcy court must exercise its discretion in a way that best serves the objectives of the bankruptcy system. *Harold & Williams Development Company v. U.S. Trustee*, 977 F.2d 906, 910 (4th Cir. 1992). In making this decision, the bankruptcy court must consider the "protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." *Id.* (citation omitted).

At the hearing, the Debtors directed the Court's attention to the case *In re Duffus & Associates, P.A.*, No. 05-03886-8-JRL (Bankr. E.D.N.C. Aug. 8, 2005). In *In re Duffus & Associates, P.A.*, the Bankruptcy Court for the Eastern District of North Carolina addressed the issue of whether a debtor's attorney qualifies as "disinterested" under § 327(a), when there is a pre-petition debt owed from the debtor to the debtor's attorney. *Id.* at 2. There, the debtor applied for employment of the Firm as their attorney. In the accompanying affidavit, the Firm disclosed that it had incurred legal fees and expenses in the amount of $35,660.84. *Id.* The Firm stated that the fees were incurred for services performed in "anticipation of the Chapter 11 filing." *Id.* at 4. The Bankruptcy Administrator objected, raising concern regarding the pre-petition debt with the debtor's attorney. The Bankruptcy Court cited to two Eastern District of

North Carolina Bankruptcy cases, approving the employment of professionals despite the pre-petition debt for services rendered in contemplation of bankruptcy. *In re Duffus & Associates, P.A.*, No. 05-03886-8-JRL at 5 (Bankr. E.D.N.C. Aug. 8, 2005) (citing *In re Johnson*, Case No. 04-09864-8-JRL (Bankr. E.D.N.C. 2005); *In re W.E. Garrison Co., Inc.*, Case No. 04-03582-5-ATS (Bankr. E.D.N.C. 2004)). The Bankruptcy Court held that when approving an application for employment, any pre-petition debt must be "relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding preparation of the petition and accompanying papers—the bare-bone, routine, and necessary services for filing." *In re Duffus & Associates, P.A.*, No. 05-03886-8-JRL at 7 (Bankr. E.D.N.C. Aug. 8, 2005). The Bankruptcy Court further held that to qualify as "disinterested" the Firm must waive the pre-petition fees that fall outside the limited category of the described fees. *Id.*

In making its decision, the Bankruptcy Court in *In re Duffus & Associates, P.A.*, cited to a footnote in the Fourth Circuit opinion *Shuck v. Seminole Oil & Gas Corporation* (*In re Seminole Oil & Gas Corp.*), 963 F.2d 368, n.5 (4th Cir. 1992), which addressed allegations that the debtor's attorney was also a creditor and not disinterested. *In re Duffus & Associates, P.A.*, No. 05-03886-8-JRL at 6 (Bankr. E.D.N.C. Aug. 8, 2005). The Fourth Circuit stated:

> Furthermore, although Shuck claims that Lampl, Sable is a creditor and hence not disinterested, he offers as evidence of only general allegations. For example, Shuck does not mention whether the amount owed is due from legal fees arising from the bankruptcy proceedings or unrelated matters. Such a distinction is relevant. Without more, we are powerless to find any abuse of discretion.

963 F.2d 368, n.5 (4th Cir. 1992).

The Bankruptcy Court found that the Fourth Circuit's footnote comments suggest that there is some leeway when dealing with an attorney that has "strictly incurred debt related to the

4

debtor's bankruptcy case."*In re Duffus & Associates, P.A.*, No. 05-03886-8-JRL at 6 (Bankr. E.D.N.C. Aug. 8, 2005). "To preclude an attorney from appointment simply because he assisted the debtor in preparing its bankruptcy petition and accompanying papers seems quite absurd and somewhat contrary to the intentions of § 327. *Id.* (citing *In re Watson*, 94 B.R. 111, 114 (Bankr. S.D. Ohio 1988).

The Bankruptcy Court in *In re Duffus & Associates, P.A.*, also noted that certain services provided exceeded the limited scope of the doctrine.  The Firm stated that its pre-petition services fell within the following five categories: "(1) discussions with the North Carolina State Bar and Lawyers Mutual; (2) preparing for the liquidation of the debtor's remaining tangible assets; (3) investigating, verifying, and estimating the potential recovery from active cases; (4) liquidating and closing out client files; and (5) corresponding with creditors and other claimants." *Id.* at 6-7. The Bankruptcy Court quoted from the Firm's brief, regarding the above listed services in which the Firm represented "[w]ithout these activities the Debtor would have been unable to determine its assets and liabilities and determine whether Chapter 11 was appropriate for this Debtor." *Id.* at 7. Based on these representations, the Bankruptcy Court found that many of the itemized services occurred prior to the attorney knowing whether Chapter 11 was even a feasible option and these services exceeded the limited scope of the doctrine. *Id.*

Here, the Firm is owed $7,403.20 representing pre-petition services rendered. Accordingly, the Firm was a creditor of the Debtors as of the petition date. The Affidavit states that the amount of $7,403.20 represents fees and expenses incurred in the "anticipation of this chapter 11 filing" for the period from July 10, 2013 to July 26, 2013, the petition date. The Affidavit further states that these fees and expenses will be included in the First Application for Compensation filed by the Firm.  The Firm filed the Attorney's First Report and Application for

Approval of Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. § 503(b) of the Bankruptcy Code (the "First Application for Compensation") on October 15, 2013. The First Application for Compensation itemizes the pre-petition fees and expenses. The time within which to file responses to the First Application for Compensation expires on November 8, 2013.

Based on the representations made by the parties, the Application to Employ, the accompanying Affidavit, and the First Application for Compensation, the Court follows the doctrine set forth in *In re Duffus & Associates, P.A.*, No. 05-03886-8-JRL at 6 (Bankr. E.D.N.C. Aug. 8, 2005) and holds that pre-petition debt owed to the applicant counsel must be relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding preparation of the petition and accompanying papers, for the Firm to be "disinterested" pursuant to § 327.

Accordingly, the Application to Employ is **GRANTED**, subject to the following conditions: (1) the Bankruptcy Administrator shall review the First Application for Compensation to determine if all of the fees requested and not paid pre-petition, are relatively modest, traceable temporally to a short period of time before filing, and confined to activities surrounding the preparation of the petition and accompanying papers—the bare-bones, routine and necessary services for filing; and (2) if any of the pre-petition fees requested are not specifically relative to the preparation and the filing of the petition, then the Bankruptcy Administrator shall object or in the alternative, the Firm shall waive those objectionable fees requested or request a hearing.

The Court notes that counsel in this District should rarely invoke the services in preparation and in anticipation of filing the petition doctrine to be qualified as disinterested. The preferred practice in this District is for all pre-petition services prior to filing be paid prior to the time of filing the Chapter 11 petition.

**SO ORDERED**

**END OF DOCUMENT**